**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Grace Albanese,<br><br>  Plaintiff<br><br>v.<br><br>The Federal Bureau of Investigation,<br><br>  Defendant | 2:17-cv-01599-JAD-VCF<br><br>**Order Overruling Objections, Adopting Report and Recommendation, Deeming Albanese a Vexatious Litigant, and Dismissing Case**<br><br>[ECF No. 5] |
| Grace Albanese,<br><br>  Plaintiff<br><br>v.<br><br>Las Vegas Metropolitan Police Department,<br><br>  Defendant | 2:17-cv-01600-JAD-VCF<br><br>**Order Overruling Objections, Adopting Report and Recommendation, Deeming Albanese a Vexatious Litigant, and Dismissing Case**<br><br>[ECF No. 4] |

Pro se plaintiff Grace Albanese submits civil rights complaints under 42 U.S.C. § 1983 and applications to proceed *in forma pauperis*[1] in 2:17-cv-01599-JAD-VCF ("1599") and 2:17-cv-01600-JAD-VCF ("1600"). Magistrate Judge Ferenbach granted Albanese's *in forma pauperis* applications and ordered her to show cause why she should not be declared a vexatious litigant and have her cases dismissed.[2] Albanese timely responded to Judge Ferenbach's show-cause orders[3] and Judge Ferenbach subsequently issued reports recommending that I dismiss both cases and deem

---

[1] 1599, ECF Nos. 1, 1-1; 1600, ECF Nos. 1, 1-1.

[2] 1599, ECF No. 3; 1600, ECF No. 2.

[3] 1599, ECF No. 4; 1600, ECF No. 3.

1

Albanese a vexatious litigant.[4] Albanese objects.[5]

Having reviewed the objected-to portions of Judge Ferenbach's findings and conclusions *de novo*, I overrule Albanese's objections, adopt Judge Ferenbach's report and recommendation, deem Albanese a vexatious litigant, and dismiss these cases.

## Background

Albanese has filed 31 cases in the District of Nevada over the past 16 months[6] and has sued either the Las Vegas Metropolitan Police Department ("Metro") or the FBI in 25 of those cases. Most of Albanese's actions assert the same allegations that she asserts in the instant cases: unknown people stalk and spy on her, both in and out of her apartment, and through various methods including hacking into her cellular telephone and using listening devices.[7] Albanese asserts that state and federal law enforcement have ignored her repeated requests for help and have failed to apprehend the people who are stalking and spying on her, which she argues is a violation of her due process and equal protection rights, and is an obstruction of justice and tantamount to public corruption.[8]

Judge Ferenbach ordered Albanese to show cause why the 1599 and 1600 cases should not be dismissed and also why Albanese should not be deemed a vexatious litigant due, in part, to those matters having "nearly identical" allegations to all eight of Albanese's cases that are currently pending before him.[9] Albanese timely responded that "if [she] could just continue returning to the court to submit letters [she] won't submit anymore duplicative, redundant cases" and she requested

---

[4] 1599, ECF No. 5; 1600, ECF No. 4.

[5] 1599, ECF No. 6; 1600, ECF No. 5.

[6] *See* 1599, ECF No. 5 at 1–2, n.1 (citing list of cases); 1600, ECF No. 4 at 1–2, n.1 (citing list of cases).

[7] *See e.g.* 1599, ECF No. 1-1 at 2; 1600, ECF No. 1-1 at 2.

[8] *See id.*

[9] 1599, ECF No. 3; 1600, ECF No. 2.

that she be allowed "to continue filing [her] letters if [she] stops law suit activations."[10]

Judge Ferenbach recommends that I dismiss Albanese's 1599 and 1600 cases as frivolous because the allegations are repetitive and duplicative of her other pending actions.[11] Judge Ferenbach also recommends that I deem her a vexatious litigant because: (1) she is likely to continue to abuse the judicial process; (2) she has engaged in a pattern of frivolous litigious conduct and harassment; (3) she has an abusive and lengthy litigation history; (4) her "voluminous and frivolous filings . . . have caused the courts to expend a huge amount of judicial resources to the detriment of other litigants who need and deserve the court's attention"; and (5) sanctions and mere dismissal of her current lawsuits will not deter her from filing additional harassing and frivolous suits and further engaging in an "abusive litigation practice that has interfered with the court's management of its docket, wasted judicial resources, and threatened the integrity of the orderly administration of justice."[12]

In support of his recommendation that I deem Albanese a vexatious litigant, Judge Ferenbach contrasts Albanese's response to his show cause order, where she pledged to stop submitting "duplicative, redundant cases" and to "stop lawsuit activations" if she could continue submitting letters to the court[13] with Albanese's actions during the week after making those pledges: she filed three additional lawsuits, all against Metro, that had allegations and claims that are "nearly identical to her previous lawsuits."[14]

Albanese filed a document titled "appeal dismissal of case," which I construe as an objection

---

[10] 1599, ECF No. 4 at 3; 1600, ECF No. 3 at 3.

[11] 1599, ECF No. 5 at 11–12; 1600, ECF No. 4 at 11–12.

[12] 1599, *id.* at 14–15; 1600, *id.* at 14–15.

[13] 1599, *id.* at 16; 1600, *id.* at 16.

[14] 1599, *id.* (citing *Albanese v. Metro. Police Dep't*, case no. 2:17-cv-01735-JCM-PAL (June 23, 2017); *Albanese v. Metro. Police Dep't*, case no. 2:17-cv-01780-JCM-PAL (June 28, 2017); *Albanese v. Metro. Police Dep't*, case no. 2:17-cv-01782-JCM-PAL (June 28, 2017)); 1600, *id.* (citing same).

to Judge Ferenbach's reports and recommendations.[15] In it, however, she merely reasserts facts and allegations that are nearly identical to those that she presented in her initial complaints. She also completely fails to mention or contest Judge Ferenbach's reports and recommendations.[16]

**Discussion**

A district court reviews objections to a magistrate judge's proposed findings and recommendations de novo.[17] "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[18] The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion.[19] Local Rule IB 3-2(b) requires *de novo* consideration of specific objections only.[20]

Because Albanese failed to make any specific objections to Judge Ferenbach's reports and recommendations, and because she continues to file cases that are repetitive and duplicative of her other pending actions even after being warned and pledging not to do so, I agree with Judge Ferenbach's finding that Albanese is engaged in abusive litigation tactics that are wasting judicial resources and interfering with the court's ability to manage its docket and administer justice to other litigants who deserve the court's attention.[21]

---

[15] *See* 1599, ECF No. 6; 1600, ECF No. 5.

[16] *See* 1599, ECF No. 6; 1600, ECF No. 5.

[17] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003).

[18] *Id.*

[19] *Id.* (stating that a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise") (emphasis in original).

[20] *See* L.R. IB 3-2(b) (requiring *de novo* consideration of specific objections only); *Carillo v. Cate,* 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (noting that "generalized objections" do not require *de novo* review).

[21] *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (noting that "[t]he All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants.").

# Order

Accordingly, and with good cause appearing, IT IS HEREBY ORDERED that Albanese's objections are OVERRULED, Judge Ferenbach's reports and recommendations **[2:17-cv-01599-JAD-VCF, ECF No. 5 and 2:17-cv-01600-JAD-VCF, ECF No. 4] are ACCEPTED and ADOPTED**, and these lawsuits are **DISMISSED with prejudice**.

IT IS FURTHER ORDERED that Albanese is deemed a vexatious litigant under 28 U.S.C. § 1651(a), and she is **ENJOINED and PROHIBITED** from filing any new complaint, petition, or other action in this court without first obtaining leave from the Chief Judge of this court. The Clerk of Court is authorized to reject, refuse to file, and discard any new complaint, petition, or other new action in violation of this order.

The Clerk of Court is directed to **CLOSE THESE CASES**.

DATED July 27, 2017.

_____
Jennifer A. Dorsey
United States District Judge